**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| Le-Vel Brands, LLC, | CIVIL ACTION NO. 4:19-cv-309 |
| Plaintiff, | |
| | COMPLAINT FOR TRADEMARK |
| v. | INFRINGEMENT AND UNFAIR |
| | COMPETITION |
| Bio Thrive Labs, Inc., | |
| | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

Plaintiff Le-Vel Brands, LLC ("Le-Vel") by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This is an action for trademark infringement and unfair competition under federal, state, and/or common law.  Le-Vel brings this action against Bio Thrive Labs, Inc. ("Defendant") because Defendant is unlawfully offering and selling supplements through online stores under the infringing name and mark BIO THRIVE.  Defendant launched and continues to sell supplement products under its infringing name notwithstanding Le-Vel's THRIVE and THRIVE-formative trademark rights (the "THRIVE Marks").  Defendant's activities and products are likely to confuse, deceive, or mislead consumers into believing Defendant's activities are authorized by or affiliated with Le-Vel, and/or that such products are offered, licensed, or approved by Le-Vel.  Le-Vel seeks to enjoin Defendant's unlawful use of BIO

THRIVE and to recover actual damages, Defendant's profits, and other relief, including attorneys' fees and costs.

## THE PARTIES

2.      Plaintiff Le-Vel Brands, LLC is a Texas limited liability company with its principal place of business at 9201 Warren Parkway #200, Frisco, TX 75035.

3.      Defendant Bio Thrive Labs, Inc. is a Michigan corporation with an address of incorporation of 2885 Sanford Ave SW #30738, Grandville, MI 49418, and their principal place of business at 2637 East Atlantic Boulevard #30738, Pompano Beach, FL 33062.

## JURISDICTION AND VENUE

4.      This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the related laws of the state of Texas.  This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

5.      This Court has personal jurisdiction over Defendant, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Le-Vel is being harmed in this District and because Defendant is offering, and has sold, infringing goods into this District.

## LE-VEL AND ITS THRIVE NAME AND TRADEMARK

6.      Le-Vel is a lifestyle company that offers dietary and nutritional supplements and related coaching/lifestyle/wellness programs, conventions, and educational materials.  Le-Vel formulates its products with premium ingredients and high levels of nutrition, giving customers the opportunity to live healthy, balanced, and premium lifestyles.

7.      Le-Vel's flagship product line is sold under the brand THRIVE and various THRIVE-formative marks.  Le-Vel's THRIVE product line consists of a wide range of supplements for physical and mental wellness and healthy living, including supplements

formulated specifically for men, women, and children; nutritional shakes, energy shakes, drink mixes, and gels; nootropics; and transdermal supplement products:









8.     Le-Vel has continuously used its THRIVE Marks in commerce since 2012.

9.     The THRIVE name and THRIVE Marks are indelibly tied with Le-Vel's overall corporate identity, such that Le-Vel is commonly known as "THRIVE" in the marketplace.

10.    Le-Vel owns numerous valid and subsisting U.S. trademark registrations and applications for its THRIVE Marks, some of which include the following:

| Mark | Goods | App./Reg. No. App./Reg. Date | First-Use Date |
|---|---|---|---|
| THRIVE experience | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations and supplements used for general health and wellness in Class 5.<br><br>Providing online retail store services using account-based user information in the field of nutritional preparations and supplements; providing an incentive award program for consumers that provides for discounted pricing and free product return of nutritional | 5174403<br><br>04/04/2017 | 12/2012 for Classes 5 and 44.<br><br>10/2013 for Class 35. |

| Mark | Goods | App./Reg. No. App./Reg. Date | First-Use Date |
|---|---|---|---|
| | preparations and supplements with purchase in Class 35.<br><br>A nutritional plan for general health and wellness consisting of consulting advice and recommendations on nutritional supplements and nutritional consulting advice and recommendations on nutritional preparations in Class 44. | | |
| THRIVE BY LE–VEL | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5169444<br><br>03/28/2017 | 11/2012 |
| RELEASE THE THRIVE | Nutritional supplements, namely, vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 5144648<br><br>02/21/2017 | 02/2015 |
| THRIVE | Topical patches featuring vitamin, mineral, plant extract, antioxidant, enzyme, probiotic, and amino acid preparations used for general health and wellness in Class 5. | 86761270<br><br>09/18/2015 | 08/2012 |

## SALE AND PROMOTION OF LE-VEL'S THRIVE PRODUCTS

11.     Le-Vel revolutionized the direct sales market by becoming the industry's first completely virtual, cloud-based company.  Le-Vel's THRIVE products are sold through its online store directly to consumers, who are introduced to the products through a vast network of authorized independent promoters.

12.     Le-Vel's THRIVE products have enjoyed substantial success and have been widely sold and distributed since their introduction in 2012.  Le-Vel now has more than eight

million independent Brand Promoters and customers around the world, topped $1 billion in total

sales in May 2017, and will surpass $2 billion in total sales in 2019.

13.     Since 2012, Le-Vel has offered and continues to offer thousands of THRIVE

health and wellness educational conventions, seminars, and events nationwide, e.g.:











14.    Since 2012, Le-Vel has shared and continues to provide THRIVE health and wellness articles and videos on its website and official blog, e.g.:







## How to Boost Your THRIVE Results with THRIVEFIT

UNCATEGORIZED    BY LE-VEL   /   ON NOVEMBER 15, 2018   /   0 COMMENTS



15.    Le-Vel also maintains an educational/product experience website for its various THRIVE products at https://www.thrive-reviews.com.

16.    As a cloud-based company, Le-Vel and its founders have a tremendous online following, including over three million Facebook followers.  Le-Vel's promotional videos have been viewed on YouTube over ten million times.

17.    Le-Vel has long promoted and displayed its THRIVE Marks in a variety of ways, including as a standalone brand as well as in connection with other Le-Vel names and marks through Le-Vel's website, social media, and product packaging, e.g.:























18.   Le-Vel has spent over $25 million in advertising, marketing, and promoting the

THRIVE Marks in connection with its products through a variety of media, promotional and

marketing initiatives, and celebrity endorsements.  Some of the celebrity users of Le-Vel's

products include: (1) Emmitt Smith, the all-time leading rusher in the history of the National

Football League ("NFL"); (2) Andy Roddick, one-time #1 ranked tennis player in the world and

a tennis Hall-of- Famer; (3) Dick and Rick Hoyt of Team Hoyt, the father and son team who

have participated in over 1,000 races to raise awareness for and instill confidence in the physically challenged (Rick is a spastic quadriplegic with cerebral palsy, and his father, Dick, pushes, pulls, and carries him through races such as the Ironman triathlon); (4) Kirk Hammett, lead guitarist for the band Metallica; (5) Don Mattingly, Major League Baseball ("MLB") Hall-of-Famer; (6) Amy Purdy, *New York Times* best-selling author, runner-up in *Dancing with the Stars*, and medalist in the 2014 Winter Paralympic Games; (7) Olga Tanon, five-time Grammy-winning artist; (8) Brian Westbrook, former All-Pro NFL player; (9) Drake White, country music performing artist; (10) television and movie actor Kevin Sorbo from shows such as *Hercules*; (11) Missy Robertson from the *Duck Dynasty* series; (12) former All-Pro NFL player, Bernard Pierce; and many others.

19.     In addition, Le-Vel and the THRIVE Marks have been featured (1) at Times Square during the New Year's Eve ball drop and throughout the holiday season, including during the Macy's Thanksgiving Day Parade; (2) on billboards throughout the United States during national billboard campaigns; (3) in football stadiums across the United States during college and professional football games; (4) in the "Rise and Thrive" marketing campaign, which has been viewed by millions of individuals around the globe; (5) in a nationally distributed magazine, *Thrivin'*, found in thousands of bookstores throughout the U.S.; (6) in hundreds of press releases and blogs circulated throughout the world; and (7) in Facebook and YouTube ads receiving millions of views and interactions.

20.     Further, the THRIVE Marks have received notable third-party press, attention, and recognition.  In 2016, Le-Vel was featured in *USA Today*, along with Uber, Etsy, and two other companies, as the leaders in the "YouEconomy."  In 2019, Le-Vel was again featured in *USA Today* as the nutritional movement taking the country by storm.  In 2015, Le-Vel was

featured in the *Houston Business Journal* for its substantial and meaningful charitable works and efforts.  In 2016, Le-Vel received the *Direct Selling News* Bravo Growth Award, which recognizes the largest year-over-year growth *in the world* in direct sales.  In 2015 and 2016, Le-Vel was named to the *Direct Selling News* Global 100, an exclusive ranking of the top revenue-generating companies worldwide in the direct selling industry.  Le-Vel has also been featured in *Direct Selling News* on multiple occasions and has been the cover story twice.  In 2013-2017, Le-Vel was featured in *Success from Home* magazine, the first time that a company has been featured as the exclusive company in full-length *Success from Home* issues four years in a row, e.g.:

 





21.     As a result of extensive use, sales, advertising, promotion, commercial success, and third-party recognition, the THRIVE Marks are strong and well-known.

## DEFENDANT AND ITS WRONGFUL ACTS

22.     Defendant Bio Thrive Labs, Inc. is an e-commerce retailer offering dietary supplements.

23.     Defendant exclusively sells its supplement products bearing the mark BIO THRIVE through online retailer Amazon, where it has sold and continues to sell such supplement products.  Defendant currently offers two separate BIO THRIVE supplements on its Amazon storefront, including (1) "TURMERIC CURCUMIN" for $17.97, and (2) "COQ-10" for $17.97.

24.     While Defendant currently only offers two BIO THRIVE supplements for sale, it promotes at least twelve separate supplements on its website http://www.biothrivelabs.com/products/, including (1) "FORSKOLIN", (2) "MORINGA", (3) "MALE ENHANCEMENT", (4) "PHYTOCERAMIDES", (5) "TRIBULUS", (6) "AFRICAN MANGO"; (7) "OMEGA-3", (8) "OXY-BURN", (9) "TURMERIC CURCUMIN", (10) "COQ-10", (11) "RASPBERRY KETONE", and (12) "ULTRA TEST", e.g.:



25.      Defendant falsely represents that it owns a registered trademark for BIO THRIVE

on its website http://www.biothrivelabs.com/:



COQ10

Bio Thrive Labs® High
Efficiency COQ10
Supplement Pills -
Coenzyme Q10 Capsules
with 200mg of Pure
Ubiquinone Protect Your
Heart, Raise Energy Levels,
Alleviate Pain and Improve
Blood Pressure with No Side
Effects!

26.     Le-Vel placed Defendant on notice that its use of BIO THRIVE for supplements infringed Le-Vel's rights and asked that it discontinue its infringing trademark use.  Defendant has neither responded to Le-Vel's demands nor discontinued its infringing use.

27.     Defendant's continued unlawful use of the BIO THRIVE mark for Defendant's supplements is likely to cause consumer confusion.

28.     Given the strong association of THRIVE with Le-Vel, and given the common online business models of the parties, neither of whom have brick-and-mortar retail stores or store placements, consumers are likely to be confused by Defendant's use of the BIO THRIVE mark.

## <u>INJURY TO THE PUBLIC AND LE-VEL</u>

29.     Defendant's unauthorized use of BIO THRIVE is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Le-Vel and its THRIVE Marks, THRIVE corporate identity, and commercial activities.

30.     Defendant's unauthorized use of BIO THRIVE has damaged and irreparably injured Le-Vel, and, if permitted to continue, will further damage and irreparably injure Le-Vel, its reputation and goodwill, the THRIVE Marks and THRIVE corporate identity, and the public's interest in being free from confusion.

31.     Defendant is aware of Le-Vel's rights and objections.  As a result, Defendant has acted knowingly, willfully, in reckless disregard of Le-Vel's prior rights, and in bad faith.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under
### <u>Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)</u>

32.     Le-Vel repeats and realleges each and every allegation set forth above.

33.     The acts of Defendant complained of herein constitute infringement of Le-Vel's registered THRIVE Marks in violation of 15 U.S.C. § 1114.

34.     Without Le-Vel's consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Le-Vel's registered THRIVE Marks in connection with the offering, distribution, and advertising of supplements and related products and services, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35.     Defendant's acts of trademark infringement are knowing, intentional, and willful in violation of 15 U.S.C. § 1114.

36.     As a result of Defendant's acts of trademark infringement, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

37.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and cause likely consumer confusion and irreparable harm to Le-Vel.

38.     Le-Vel is entitled to recover from Defendant its profits, all damages that Le-Vel has sustained from Defendant's infringement, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

39.     Because Defendant's conduct is willful, Plaintiff is also entitled to recover from Defendant treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Trademark Infringement, False Designation of Origin, Passing Off, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

40.     Le-Vel repeats and realleges each and every allegation set forth above.

41.     Defendant's use of BIO THRIVE, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Le-Vel, its THRIVE Marks, and THRIVE corporate identity, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendant's unauthorized use of BIO THRIVE is knowing, intentional, and willful in violation of 15 U.S.C. § 1125.

43.     As a result of Defendant's acts, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

44.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit infringing acts and will continue to deceive the public and cause irreparable harm to Le-Vel.

45.     Le-Vel is entitled to recover from Defendant its profits, all damages that Le-Vel has sustained from Defendant's infringing acts, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### Common-Law Trademark Infringement, Passing Off and Unfair Competition

46.     Le-Vel repeats and realleges each and every allegation set forth above.

47.     The activities described above constitute common-law trademark infringement and misappropriation of the goodwill associated with Le-Vel's THRIVE Marks and corporate identity and constitutes passing off, trademark infringement, and unfair competition in violation of Texas common law.

48.     By making unauthorized use of BIO THRIVE, Defendant is committing trademark infringement in violation of Texas common law and other applicable common law.

49.     Defendant's unauthorized use of BIO THRIVE is knowing, intentional, and willful.

50.     As a result of Defendant's acts of trademark infringement, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

51.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to cause likely consumer confusion and irreparable harm to Le-Vel.

52.     Le-Vel is entitled to recover from Defendant its profits, all damages that Le-Vel has sustained from Defendant's infringement and unfair competition, and the costs of the action.

### FOURTH CLAIM FOR RELIEF

### Injury to Business Reputation

53.     Le-Vel repeats and realleges each and every allegation set forth above.

54.     Le-Vel owns the THRIVE Marks, and those marks are valid at common law, are distinctive, and are registered under the federal trademark statute, 15 U.S.C. §§ 1051, *et seq*.

55.     Defendant's unauthorized use of BIO THRIVE is an act likely to injure Le-Vel's business reputation or to dilute the distinctive quality of Le-Vel's THRIVE Marks, in violation of Section 16.29 of the Texas Business & Commerce Code, Tex. Bus. & Com. Code Ann. § 16.29.

56.     Defendant's unauthorized use of BIO THRIVE is knowing, intentional, and willful.

57.     As a result of Defendant's acts of trademark infringement, Le-Vel is suffering irreparable harm, for which it has no adequate legal remedy.

58.     Le-Vel is entitled to injunctive relief and to other appropriate remedies and relief.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Le-Vel respectfully demands a trial by jury on all issues properly triable before a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Le-Vel requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A finding that Defendant (i) has infringed Le-Vel's registered trademark in violation of 15 U.S.C. § 1114; (ii) has violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125); and (iii) has infringed Le-Vel's trademark under the common law of the State of Texas;

B. An Order declaring that Defendant's use of BIO THRIVE for supplements infringes Le-Vel's rights in its THRIVE Marks and THRIVE corporate identity and constitutes trademark infringement, unfair competition, and passing off under federal and/or state law, as detailed above.

C. An injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using or seeking to otherwise register BIO THRIVE and/or any other marks, logos, or designs that are confusingly or substantially similar to Le-Vel's THRIVE Marks and THRIVE corporate identity, for supplements and related products and services; and

2. From representing by any means whatsoever, directly or indirectly, that any products offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Le-Vel or sponsored or authorized by or affiliated with Le-Vel.

D.      An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Le-Vel's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

E.      An Order directing Defendant to immediately destroy all products, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear BIO THRIVE and/or any other marks, logos, or designs that are confusingly or substantially similar to Le-Vel's THRIVE Marks and THRIVE corporate identity, for supplements and related products and services.

F.      An Order requiring Defendant to account for and pay to Le-Vel any and all profits arising from the foregoing acts, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws.

G.      An Order requiring Defendant to pay Le-Vel damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws.

H.      An Order requiring Defendant to pay Le-Vel punitive, exemplary, and/or statutory damages as allowed by law in an amount to be determined due to the foregoing willful acts of Defendant.

I.      An Order requiring Defendant to pay Le-Vel its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

J.      Awarding Le-Vel pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

K.      Other relief as the Court may deem just and appropriate.

Dated:  April 25, 2019        Respectfully submitted,


                             */s/ Clyde M. Siebman*
                             Clyde M. Siebman
                             TBN:  18341600
                             Elizabeth S. Forrest
                             TBN:  24086207
                             SIEBMAN FORREST BURG & SMITH, LLP
                             300 North Travis Street
                             Sherman, Texas 75090
                             (903)870-0070 Phone
                             (903)870-0066 Fax
                             clydesiebman@siebman.com
                             elizabethforrest@siebman.com

                             Mark Sommers (*pro hac vice* to be filed)
                             mark.sommers@finnegan.com
                             Patrick J. Rodgers (*pro hac vice* to be filed)
                             patrick.rodgers@finnegan.com
                             FINNEGAN, HENDERSON, FARABOW,
                               GARRETT & DUNNER, LLP
                             901 New York Avenue NW
                             Washington, DC 20001
                             Telephone:    (202) 408-4000
                             Facsimile:    (202) 408-4400

                             Morgan Smith (*pro hac vice* to be filed)
                             morgan.smith@finnegan.com
                             FINNEGAN, HENDERSON, FARABOW,
                               GARRETT & DUNNER, LLP
                             3300 Hillview Avenue
                             Palo Alto, CA 94304
                             Telephone:    (650) 849-6600
                             Facsimile:    (650) 849-6666

                             Attorneys for Le-Vel Brands, LLC